UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

================================x
WALTER WHITBECK AND              :    CIVIL ACTION NO:
ANNETTE WHITBECK
    Plaintiffs,                  :    3:01cv750 (AHN)

v.                               :

JONES MANUFACTURING COMPANY:
    Defendant and
    Third-Party Plaintiff,

v.                               :

MICHAEL J. MCGUFFIE D/B/A        :
NEW ENGLAND BARK MULCH
    Third-Party Defendant.       :    October 17, 2003
================================x



### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER COMPELLING PSYCHOLOGICAL EXAMINATION OF ANNETTE WHITBECK

**I.   BACKGROUND**

This action arises out of a product liability claim filed by the plaintiffs, Walter Whitbeck and Annette Whitbeck, against Jones Manufacturing Company ("Jones"). The plaintiffs allege that Mr. Whitbeck sustained injuries to his foot while operating a mulch processor manufactured by Jones. Mr. Whitbeck operated the mulch processor during his employment with Michael McGuffie d/b/a New England Bark Mulch ("NEBM"), the third-party defendant in this action.

Mr. Whitbeck's wife, Annette Whitbeck, is a plaintiff in this action and alleges that the injury to her husband "has had a profound effect on [her]." (Complaint, 4/26/01, Paragraph 25). Specifically, Mrs. Whitbeck alleges (1) loss of

{W1270497}

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

consortium and (2) extreme emotional distress, including a severe aggravation of her panic and anxiety disorder. (Complaint, 4/26/01, Paragraph 26).

During the course of discovery, the defendant obtained copies of Mrs. Whitbeck's medical and psychiatric records. A thorough review of these records revealed that Mrs. Whitbeck has a long history of anxiety disorder and other psychiatric and emotional problems for which she has received treatment since she was a teenager. The records reveal a litany of issues present both before and after Mr. Whitbeck's foot injury that have resulted in ongoing anxiety and emotional distress for Mrs. Whitbeck, and may have resulted in marital discord between the Whitbecks. As one might expect, many of these issues are of a sensitive and personal nature. However, they are directly relevant to Mrs. Whitbeck's claims in this case of severe emotional distress and loss of consortium.

## II. ARGUMENT

Rule 35 of the Federal Rules of Civil Procedure allows the Court to order an independent psychological examination of a party to an action when that parties' psychological condition is "in controversy" and "good cause" exists for the examination. Specifically, section (a) of Rule 35 provides, in pertinent part:

> When the mental or physical condition of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made.

F.R.C.P. 35(a).

{W1270497}                                         2

Therefore, in order for the Court to compel a Rule 35 mental examination, the moving party, in this case Jones, must prove that Ms. Whitbeck's mental condition is "in controversy" and that "good cause" exists to order the mental examination. Schlagenhauf v. Holder, 279 U.S. 104, 118-119 (1964). The moving party must make an affirmative showing "that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id. at 118. "A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id. at 119.

In this case, Jones can make an affirmative showing that the plaintiff's mental state is "in controversy" and good cause exits for the Court to order the requested psychological examination. The plaintiff has alleged a claim for extreme emotional distress in the Complaint. Specifically, the plaintiff has alleged that "the injuries and subsequent rehabilitation of Walter Whitbeck has caused [her] to suffer extreme emotional distress and upset. [She] has suffered a severe aggravation of her panic and anxiety disorder from which she is disabled." (Complaint, 4/26/01, Paragraph 26). As such, the plaintiff has alleged an ongoing psychological harm, which forms the basis for this plaintiff's claim of damages against Jones. Therefore, the plaintiff has placed her mental state "in controversy". See Duncan v. Upjohn Co., 155 F.R.D. 23 (D. Conn. 1994).

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law         Post Office Box 1110
                         Waterbury, CT 06721-1110
                         Telephone: 203 573-1200

Further, there is good cause for such an examination. Specifically, the nature, extent and genesis of the plaintiff's existing panic and anxiety disorder is the focal issue of the plaintiff's claim for damages. Based on the plaintiff's past psychological history and deposition testimony, there is substantial evidence that the plaintiff's alleged emotional injury may not be as a result of the incident alleged in the Complaint. As such, "good cause" exists for the Court to order the requested psychological examination in order to determine the actual cause of the plaintiff's alleged extreme emotional discord.

### III.   CONCLUSION

Based on the foregoing reasons, the defendant, Jones Manufacturing Company, respectfully requests this Court grant its Motion and order the plaintiff, Annette Whitbeck, to submit to a psychological examination before Charles Opsahl, M.D.

THE DEFENDANT,
JONES MANUFACTURING CO., INC.

BY /s/ Giovanna Tiberii Weller
Giovanna Tiberii Weller
Federal Bar No. ct 11187
Carmody & Torrance, LLP
50 Leavenworth Street
Waterbury, CT 06702
Phone: 203 573-1200
Fax: 203 575-2600

{W1270497}                                4

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

JACQUES J. PARENTEAU, ESQ.
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
New London, CT 06320
(860) 442-2466
Fax: 447-9206
jparenteau@mppjustice.com

MARK T. GOULD, ESQ.
Law Offices of Robert M. Brennan
265 Church Street, Suite 802
New Haven, CT 06510
(203) 624-9165
Fax: (203) 789-2928
mark.gould@libertymutual.com

PATRICK E. POWER, ESQ.
Howd, Lavieri & Finch, LLP
682 Main Street
P.O. Box 1080
Winsted, CT 06098
(860) 379-2761
Fax: (860) 738-3493
pep@hlf.com

CARL R. CELLA, ESQ.
MICHAEL O'CONNOR, ESQ.
Cella, McKeon & Williams
P.O. Box 221
North Haven, CT. 06473-0221
Phone: 203 239-5851
Fax: 203 234-2974
carlc@cmwlawyers.com

Giovanna Tiberii-Weller

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
===============================x
WALTER WHITBECK AND              :    CIVIL ACTION NO:
ANNETTE WHITBECK
     Plaintiffs,                 :    3:01cv750 (AHN)

V.                               :

JONES MANUFACTURING COMPANY:
     Defendant and
     Third-Party Plaintiff,      :

V.                               :

MICHAEL J. MCGUFFIE D/B/A        :
NEW ENGLAND BARK MULCH
     Third-Party Defendant.      :    OCTOBER 16, 2003
===============================x
```

### AFFIDAVIT OF CHARLES OPSAHL, PH.D

State of Connecticut           :
County of Litchfield           :    ss. Watertown
                               :

Charles Opsahl, Ph.D., being duly sworn, deposes and states:

1.      I am over 18 years of age. I have an office located at 27 Depot Street, # 2, Watertown, Connecticut. I am fully competent to make this Affidavit and I have personal knowledge of the facts stated in this Affidavit. To my knowledge, all of the facts stated in this Affidavit are true and accurate.

{W1270497}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law           Post Office Box 1110
                           Waterbury, CT 06721-1110
                           Telephone: 203 573-1200

2. I am duly licensed as a psychologist by the State of Connecticut and have been retained by Giovanna Tiberii Weller, attorney for the defendant Jones Manufacturing Company, to provide expert testimony regarding the plaintiff's, Annette Whitbeck, mental health. I make this Affidavit in support of the Defendant's Motion to Compel the plaintiff to submit to a psychological examination as more fully set forth in the Motion papers.

3. I am reviewing all of the medical records made available to me by Attorney Weller. While I am able to render an opinion concerning the nature, extent, and possible causes of the plaintiff's claimed allegations of severe, ongoing emotional distress, I believe that an examination may be helpful.

4. All of the examinations and tests that the Motion describes are routine procedures for psychologists. None involves unusual risks or discomfort, and all of the examination and test procedures are considered reliable and acceptable.

5. The condition sought to be examined—the plaintiff's psychological well-being—is a central issue in this lawsuit. Based on the plaintiff's past psychological history and the plaintiff's deposition testimony on November 4, 2002, I know that the existence and extent of the condition to be examined is one of the principal bases on which the plaintiff seeks to recover damages based upon her claim in Paragraph 26 of the Complaint dated April 26, 2001, in which she alleges

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

that "[t]he injuries and subsequent rehabilitation has caused [her] to suffer extreme emotional distress and upset. [She] has suffered a severe aggravation of her panic and anxiety disorder from which she is already disabled."

_____
Charles Opsahl, Ph.D.

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 16th DAY
OF OCTOBER, 2003.

_____
~~Notary Public~~
~~My Commission Expires:~~
Commissioner of the Superior Court

{W1270497}                                3

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law           Post Office Box 1110
                           Waterbury, CT 06721-1110
                           Telephone: 203 573-1200

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
===================================x
WALTER WHITBECK AND              :    CIVIL ACTION NO:
ANNETTE WHITBECK
    Plaintiffs,                  :    3:01cv750 (AHN)

v.                               :

JONES MANUFACTURING COMPANY:
    Defendant and
    Third-Party Plaintiff,

v.                               :

MICHAEL J. MCGUFFIE D/B/A        :
NEW ENGLAND BARK MULCH
    Third-Party Defendant.       :    OCTOBER 6, 2003
===================================x
```

### AFFIDAVIT OF GIOVANNA TIBERII WELLER

```
State of Connecticut             :
County of New Haven              :    ss. Waterbury
                                 :
```

Giovanna Tiberii Weller, being duly sworn, deposes and states:

1.    I am over 18 years of age and understand the obligation of an oath. I am an attorney with the law firm of Carmody & Torrance, LLP, 50 Leavenworth Street, Waterbury, Connecticut. I am fully competent to make this Affidavit and have personal knowledge of the facts stated in this Affidavit. To my knowledge, all of the facts stated in this Affidavit are true and accurate.

{W1270497}

2. I am an attorney for the defendant/moving party, Jones Manufacturing Company. I make this Affidavit in support of the Motion to Compel the plaintiff, Annette Whitbeck, to submit to a psychological examination as specified in the Motion papers.

3. The condition sought to be examined—the plaintiff's psychological well-being—is a central issue in this lawsuit. Based on the plaintiff's past psychological history and her deposition testimony on November 4, 2002, I know that the existence and extent of the condition to be examined is one of the principal bases on which the plaintiff seeks to recover damages based upon her claim in Paragraph 26 of the Complaint dated April 26, 2001, in which she alleges that "[t]he injuries and subsequent rehabilitation has caused [her] to suffer extreme emotional distress and upset. [She] has suffered a severe aggravation of her panic and anxiety disorder from which she is already disabled."

4. I believe there is good cause for this examination because my client should be in a position to present independent evidence of the nature and extent of the condition in question and its true causes. I have provided all of the medical records currently available to me on this condition to Charles Opsahl, Ph.D. Dr. Opsahl has informed me that the examination and the tests he intended to perform are standard, non-invasive psychological examinations.

5. Dr. Opsahl is a duly-licensed psychologist.

{W1270497}    2

6. Prior to bringing the attached Motion, I attempted to secure the agreement of plaintiff's counsel, Jacques Parentaeu, to the examination sought by the attached Motion. I sent him a letter on September 2, 2003, a true and correct copy is attached to this Affidavit as Exhibit A. Further, I had a conversation with Attorney Parentaeu on Thursday, September 25, 2003. To date, Attorney Parenteau and myself have been unable to reach an agreement regarding the presence of third parties and/or recording devices during the psychological examination. Further, we have been unable to reach an agreement regarding the extent of inquiry during the psychological examination.

_____
Giovanna Tiberii Weller

SUBSCRIBED AND SWORN TO
BEFORE ME THIS 6th DAY
OF OCTOBER, 2003.

_____
~~Notary Public~~
~~My Commission Expires:~~
Commissioner of the Superior Court

{W1270497}   3

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200