FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 NOV -7  A 10: 51

US DISTRICT COURT
BRIDGEPORT CT

WALTER WHITBECK AND
ANNETTE WHITBECK,  :  CIVIL ACTION NO.
   Plaintiffs,  :  3:01CV750 (AHN)
  :
v.  :
  :
JONES MANUFACTURING COMPANY:  November 6, 2003
   Defendant  :

PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR ORDER
COMPELLING PSYCHOLOGICAL EXAMINATION

**INTRODUCTION**

Plaintiffs, Walter Whitbeck and Annette Whitbeck, commenced an action in the United States District Court setting forth a product liability claim for damages sustained by Walter Whitbeck and Annette Whitbeck. Plaintiff Walter Whitbeck sustained a crush injury to his left foot that resulted in amputation of half of his foot. Plaintiff Annette Whitbeck suffers from a panic and anxiety disorder and claims a loss of consortium and an exacerbation of her panic and anxiety disorder as a result of her husband's injuries and subsequent rehabilitation.

Defendant Jones Manufacturing Company has filed a Motion to Compel Psychological Examination of Mrs. Whitbeck pursuant to Rule 35 of the Federal Rules of Civil Procedure. Plaintiffs oppose this motion as unnecessary and unduly burdensome.

Discovery in this matter is now almost complete. Of particular relevance to the instant motion, Mrs. Whitbeck's extensive psychological records have been disclosed. Moreover, she has been subjected to a thorough deposition despite efforts to limit

1

inquiries into matters wholly unrelated to the instant litigation. Despite the admitted wealth of information Defendant has already received regarding Mrs. Whitbeck's well-documented psychological history, they now insist that she must submit to yet another lengthy evaluation of her condition. Defendant fails, however, to show that there is good cause for the lengthy examination they propose.

**ARGUMENT**

Rule 35 of the Federal Rules of Civil Procedure provides that when the mental condition of a party is in controversy, the court in which the action is pending *may* order the party to submit to a mental examination. Fed.R.Civ.P. 35(a). It further provides that "[t]he order may be made only on motion for good cause shown …." Id.

In considering whether to order a mental examination of a party, the Court's analysis should first begin with the Supreme Court's decision in Schlagenhauf v. Holder, 379 U.S. 104, 116-122, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Gattegno v. PriceWaterHouseCoopers, LLP, 204 F.R.D. 228, 230 (D.Conn. 2001). The Schlagenhauf Court reminded lower courts that in addition to the general discovery limitations set forth in Rules 26(b) and 30(b), a Rule 35 motion to compel faces both "in controversy" and "good cause" restrictions. Id.

Thus, the party seeking to compel the examination must show that the subject matter of the proposed examination is in controversy in the pending lawsuit and that good cause exists for the exam. The "in controversy" and "good cause" requirements "are not met by mere conclusory allegations of the pleadings--nor by mere relevance to the case-- but require an affirmative showing by the movant that each condition as to which the

2

examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id., quoting Schlagenhauf, 379 U.S. at 118, 85 S.Ct. 234.

Although good cause usually exists where a party has placed her mental condition in controversy, Rule 35 requires a "discriminating application" by the trial judge when deciding whether both the "in controversy" and "good cause" have been met. Gattegno, 204 F.R.D. at 230, citing Schlagenhauf at 118-19, 85 S.Ct. 234. See also, Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D.Conn.1994). Thus, it should not simply be assumed that because a party has put their psychological condition at issue, good cause for an examination exists.

In this action, Plaintiff cannot contest that her psychological condition is at issue. Plaintiff does, however, argue that good cause for the requested psychological examination is absent.

Defendant concedes in its memorandum of law that it has received copies of Mrs. Whitbeck's psychiatric records and that those records reveal:

> a long history of anxiety disorder and other psychiatric and emotional problems for which she has received treatment since she was a teenager. The records reveal a litany of issues present both before and after Mr. Whitbeck's foot injury that have resulted in ongoing anxiety and emotional distress for Mrs. Whitbeck, and may have resulted in marital discord between the Whitbecks.

Defendant's Memo. of Law at p. 2. Defendant's memorandum fails to provide, however, any indication what the requested examination will add to the analysis.

Indeed, the affidavit of Dr. Opsahl, submitted by Defendant in support of its motion, indicates that he is already "able to render an opinion concerning the nature, extent and possible causes of the plaintiff's claimed allegations of severe, ongoing

3

emotional distress …." Affidavit of Charles Opsahl, Ph.D. at para. 3. With respect to Defendant's motion, Dr. Opsahl merely says, "an examination may be helpful." Id.

Conversely, the annexed letter from Kim Christopher from The Charlotte Hungerford Hospital in Torrington, Connecticut, states, "Mrs. Whitbeck would ***not*** be able to withstand the exam as outlined in counsel's motion." Copy attached at Tab A. Ms. Christopher notes that Mrs. Whitbeck's condition "remains fragile" and that she would have "great difficulty tolerating a six hour examination." Id. Ms. Christopher also advised that Mrs. Whitbeck's conditions would be further aggravated by the remote location of the proposed examination. Id.

Under the circumstances, the Court should find an absence of good cause to order the requested examination. As noted *supra*, the Schlagenhauf Court reminded lower courts that the general discovery limitations set forth in Rules 26(b) of the Federal Rules of Civil Procedure fully apply to Rule 35 requests. In this particular case, the limitations imposed by Rule 26(b) should bar the requested examination because the proposed examination is unreasonably cumulative and the burden outweighs any benefit it may produce. At the very least, the duration and location of the proposed examination should be adjusted to accommodate Mrs. Whitbeck's undeniably troubled condition.

**CONCLUSION**

WHEREFORE Defendant Jones Manufacturing Company's motion for a psychological examination pursuant to Rule 35 of the Federal Rules of Civil Procedure should be denied in all respects. In the alternative, the duration and location of the proposed examination should be adjusted to accommodate Mrs. Whitbeck's condition.

Respectfully submitted,
Plaintiffs Walter and Annette Whitbeck

By: _____
Craig T. Dickinson
Fed. Bar No.: ct18053
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
(860) 246-2466
Attorneys for the Plaintiffs

### CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 6TH day of November, 2003 to the following counsel and pro se parties of record:

Giovanna T. Weller, Esq.
John Horvack, Esq.
Mariella LaRosa, Esq.
Carmody & Torrance
P.O. Box 1110
Waterbury, CT  06721-1200

Mark T. Gould, Esq.
Law Offices of Robert M. Brennan
265 Church Street, Suite 802
New Haven, CT 06510

Carl E. Cella, Esq.
Robert J. Flanagan, Jr., Esq.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue
North Haven, CT 06473

Patrick Power, Esq.
Howd, Lavieri & Finch
682 Main Street
P.O. Box 1080
Winsted, CT 06098-8080

_____
Craig T. Dickinson

5



**The Charlotte Hungerford Hospital**

exh A

October 31, 2003

Bethany G. Parks
Madson, Prestley & Perenteau, LLC
P.O. Box 1631
New London, CT 06320

Re: Annette Whitbeck
DOB: 6/14/56

Dear Bethany,

Enclosed please find updated outpatient behavioral health records for Annette Whitbeck.

In regard to Ms. Whitbeck undergoing an independent psychological examination, it is our opinion that the request is reasonable. It is our further opinion however that Mrs. Whitbeck would _not_ be able to withstand the exam as outlined in counsel's motion. Due to her anxiety disorder, Mrs. Whitbeck would have great difficulty tolerating a six-hour examination. Additionally, the trip from Winsted to Watertown and back would add significant time. Mrs. Whitbeck historically experiences an increase in anxiety symptoms when travelling, particularly to unfamiliar places. Mrs. Whitbeck was recently hospitalized for treatment of a depressive episode and her current condition remains fragile.

We hope this information is helpful. If you have questions, you may contact either one of us at 860-496-6350.

Sinerely,

Kim Christopher, LCSW          Eleanor Stutz, MD
Psychiatric Social Worker       Psychiatrist

540 Litchfield Street
P.O. Box 988
Torrington, CT 06790-0988
(860) 496-6666
www.charlottesweb.hungerford.org