UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -1  P 2: 25

```
================================x
WALTER WHITBECK AND              :   CIVIL ACTION NO:
ANNETTE WHITBECK                 :
     Plaintiffs,                 :   3:01cv750 (AHN)

v.                               :

JONES MANUFACTURING COMPANY:
     Defendant and
     Third-Party Plaintiff,

v.                               :

MICHAEL J. MCGUFFIE D/B/A        :
NEW ENGLAND BARK MULCH           :
     Third-Party Defendant.      :   NOVEMBER 24, 2003
================================x
```

### DEFENDANT'S REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR ORDER COMPELLING PSYCHOLOGICAL EXAMINATION

The Defendant, Jones Manufacturing Company ("Jones"), submits this Reply to Plaintiffs' Memorandum in Opposition to Defendant's Motion for Order Compelling Psychological Examination dated November 6, 2003 ("Opposition"). In their Opposition, the Plaintiffs concede that the Plaintiff Annette Whitbeck's mental state is "in controversy". The Plaintiffs' argue, however, that the Court should deny Jones' request for a psychological examination pursuant to Rule 35 of the Federal Rules of Civil Procedure because Jones has not established that "good cause" exists for the psychological examination. As will be discussed more fully below, "good cause" does exist for ordering the psychological examination as the "in controversy" and "good cause" requirements of Rule 35 are merged when the

{W1278443}                              1

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law           Post Office Box 1110
                           Waterbury, CT 06721-1110
                           Telephone: 203 573-1200

plaintiff, as here, claims an ongoing mental injury. Further, the requested psychological examination and non-invasive testing would likely reveal relevant information as to the cause of Mrs. Whitbeck's ongoing mental harm. Therefore, Jones respectfully disagrees with the Plaintiffs that "good cause" does not exist for the Court to Order the Rule 35 psychological examination.

In the alternative, the Plaintiffs request that the duration and location of the examination be adjusted to accommodate Mrs. Whitbeck's condition. Jones is and always was willing to accommodate Mrs. Whitbeck's schedule and condition to the extent reasonably possible.

I. **"GOOD CAUSE" EXISTS FOR THE COURT TO ORDER THE PSYCHOLOGICAL EXAMINATION**

The Plaintiffs contend that "good cause" does not exist for the Court to order a Rule 35 psychological examination. Specifically, the Plaintiffs contend that "it should not simply be assumed that because a party has put their psychological condition at issue, good cause for an examination exists." Pls. Opp. at 3. Contrary to the Plaintiffs' assertions, as Mrs. Whitbeck has placed her mental state "in controversy", there is "good cause" for ordering a psychological examination.

Pursuant to Schlagenhauf v. Holder, 279 U.S. 104, 119 (1964),

> [a] plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

Courts interpreting the Schlagenhauf decision merge the "in controversy" and "good cause" requirements. See Gattegno v. PriceWaterhourseCoopers, 204

{W1278443}                                    2

CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

F.R.D. 228 (D. Conn. 2001) (granting defendant's Motion to Compel Psychological examination, stating that, as the plaintiff's mental state is "in controversy", "good cause" exists for a psychological examination because "the 'in controversy' and 'good cause' requirements are 'necessarily related.'"); Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D. Conn. 1994) (granting defendant's motion for psychological examination, providing that "[c]ourts have read Schlagenhauf as merging the "in controversy" and "good cause" requirements of Rule 35 when a plaintiff claims an ongoing mental injury in a negligence action."). Therefore, when a plaintiff claims ongoing psychological harm, the plaintiff places his mental state in controversy, "which in turn constitutes good cause for ordering a psychiatric examination under Schlagenhauf." Duncan, 155 F.R.D. at 25.

In this case, the Plaintiffs concede that Mrs. Whitbeck's mental condition is "in controversy". The Plaintiffs' Opposition rests upon whether "good cause" exists for ordering a Rule 35 psychological examination. Mrs. Whitbeck alleges a claim for loss of consortium and extreme emotional distress, including a severe aggravation of her existing panic and anxiety disorder. (Complaint, 4/26/01, Paragraph 26). The letter from Kim Christopher, LCSW, annexed to the Plaintiffs' Opposition as Exhibit A, evidences that Jones' request for a psychological examination is "reasonable", that the tests to be performed are non-invasive and that Mrs. Whitbeck's mental state and psychological harm is ongoing because Mrs. Whitbeck's "current condition remains fragile". Ex. A to Pl. Opp. As the Plaintiffs concede

{W1278443}                                3

that Mrs. Whitbeck's mental state is "in controversy" and as Mrs. Whitbeck has alleged, and the evidence proves, that she is suffering from an ongoing psychological harm, there exists "good cause" to order the independent psychological examination of Mrs. Whitbeck.

The Plaintiffs' argument that it has provided Jones' counsel with Mrs. Whitbeck's medical records is of no avail. The purpose of granting a request for a Rule 35 psychological examination is to "preserve[ ] equal footing of the parties to evaluate the plaintiff's mental state. . . ." (Citations omitted.) Duncan, 155 F.R.D. at 25. In Duncan, the court found further indicia of good cause present. Specifically, the court found that, even though the plaintiff had produced voluminous medical records and reports, the production did not negate the defendant's interest in obtaining an independent psychological examination. The court stated that "[o]nly if no additional relevant information could be gained by an examination of [the plaintiff] should the motion for a psychiatric examination be denied." Id. (citing Schlagenhauf, 379 U.S. at 118).

In this case, Jones has indicated that Dr. Opsahl intends to perform a standard psychological evaluation, including the following standard, non-invasive psychological tests: (1) Rorschach Test; (2) Thematic Apperception Test; (3) Sentence Completion Test; (4) Cognitive Tests which measure Mrs. Whitbeck's IQ and memory; (5) Minnesota Multi-Phasic Personality Invenotry-2 (MMPI-2); and (6) Millon Clinical Multi-Phasic Inventory-2 (MCMI-2). The medical records do not include results of such non-invasive tests and do not indicate whether these types of non-invasive tests were ever performed on

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

{W1278443}                          4

Mrs. Whitbeck, and it does not appear that such non-invasive tests were administered. As such, an independent psychological examination would likely reveal relevant information as to the cause of Mrs. Whitbeck's ongoing mental harm, and Jones' Motion should be granted.

## II. JONES WILL CONDUCT THE EXAMINATION WITH CONSIDERATION OF MRS. WHITBECK'S "FRAGILE" STATE

The Plaintiffs argue that, in the alternative, if the Court does grant Jones' Motion, "the duration and location of the proposed examination should be adjusted to accommodate Mrs. Whitbeck's condition." Pl. Opp. at 4. In taking into consideration Mrs. Whitbeck's "fragile" state, Jones has been and is willing to perform the psychological examination and non-invasive testing at a location that is convenient to Mrs. Whitbeck. Further, Jones is willing to conduct two three-hour sessions, as opposed to one six-hour session. Therefore, the circumstances surrounding the psychological examination should not prevent Jones from prevailing on its Motion.

## III. CONCLUSION

Based on the foregoing reasons, the Defendant, Jones Manufacturing Company, respectfully requests this Court grant its Motion and order the Plaintiff, Annette Whitbeck, to submit to a psychological examination before Charles Opsahl, Ph.D.

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

THE DEFENDANT,
JONES MANUFACTURING CO., INC.

BY /s/ *signature*
Giovanna Tiberii Weller
Federal Bar No. ct 11187
Carmody & Torrance, LLP
50 Leavenworth Street
Waterbury, CT 06702
Phone: 203 573-1200
Fax: 203 575-2600

{W1278443}                              6

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law         Post Office Box 1110
                         Waterbury, CT 06721-1110
                         Telephone: 203 573-1200

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

JACQUES J. PARENTEAU, ESQ.
Madsen, Prestley & Parenteau, LLC
111 Huntington Street
New London, CT 06320
(860) 442-2466
Fax: 447-9206
jparenteau@mppjustice.com

MARK T. GOULD, ESQ.
Law Offices of Robert M. Brennan
265 Church Street, Suite 802
New Haven, CT 06510
(203) 624-9165
Fax: (203) 789-2928
mark.gould@libertymutual.com

PATRICK E. POWER, ESQ.
Howd, Lavieri & Finch, LLP
682 Main Street
P.O. Box 1080
Winsted, CT 06098
(860) 379-2761
Fax: (860) 738-3493
pep@hlf.com

CARL R. CELLA, ESQ.
MICHAEL O'CONNOR, ESQ.
Cella, McKeon & Williams
P.O. Box 221
North Haven, CT. 06473-0221
Phone: 203 239-5851
Fax: 203 234-2974
carlc@cmwlawyers.com

_____
Giovanna Tiberii Weller

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
    Waterbury, CT 06721-1110
    Telephone: 203 573-1200